IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Trading Technologies International, Inc., Plaintiff, vs. eSpeed, Inc., eSpeed International, Ltd., Ecco LLC, and Ecco Ware Ltd., Defendants. | ) ) ) ) ) ) ) | No. 04 C 5312 Judge Moran |
| Trading Technologies International, Inc., Plaintiff, vs. Refco Group Ltd., LLC, et al., Defendants. | ) ) ) ) ) ) | No. 05 C 1079 Judge Andersen |
| Rosenthal Collins Group, LLC, Plaintiff-Counterclaim Defendant, vs. Trading Technologies International, Inc., Defendant-Counterclaimant, | ) ) ) ) ) ) ) | No. 05 C 4088 Judge Moran |
| Trading Technologies International, Inc., Plaintiff, vs. GL Consultants, Inc. and GL Trade SA, Defendants. | ) ) ) ) ) ) | No. 05 C 4120 Judge Gottschall |
| Trading Technologies International, Inc., Plaintiff, vs. CQGT, LLC and CQG, Inc., Defendants. | ) ) ) ) ) ) | No. 05 C 4811 Judge Moran |
| Trading Technologies International, Inc., Plaintiff, vs. FuturePath Trading, LLC, Defendant. | ) ) ) ) ) ) | No. 05 C 5164 Judge Shadur |
| | | All Cases Assigned to Judge Moran For Common Issues |

MEMORANDUM OPINION AND ORDER

Trading Technologies International, Inc. ("TT") moves to compel discovery in its case against eSpeed, Inc., Itsecco Holdings Limited, and Ecco LLC ("eSpeed"). Specifically, TT seeks enhanced deposition testimony from Steve Brucato, the founder and head of Catus Technologies, LLC ("Catus"). TT issued a subpoena for Brucato's deposition and any

documents relating to Catus' work with eSpeed or TT's MD_Trader tool. Brucato appeared for his deposition on August 5, 2005, but refused to answer questions related to his work with clients other than eSpeed. TT seeks such disclosure now, specifically regarding work Catus or Brucato did on front-end designs or graphic-user interfaces for clients other than eSpeed.

Third parties Brucato and Catus oppose TT's motion to compel, as does defendant eSpeed. Brucato and Catus argue that they have complied with the terms of TT's subpoena; that plaintiff is requesting highly sensitive information about TT's competitors; the request is outside TT's motion to compel and subpoena, and the request is irrelevant to the dispute between TT and eSpeed. In response, TT argues that "information on design arounds and front-end work for other customers is reasonably calculated to lead to the discovery of admissible evidence because it relates to validity, copying, and damages."

The Federal Rules of Civil Procedure govern the scope and limits of discovery in civil cases. "Parties may obtain discovery regarding any matter not privileged, that is relevant to the claim or defense of any party...." Rule 26(b)(1). Rule 26 continues: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Discovery is not, however, unlimited. Rule 26(b)(2). Because Brucato's and Catus' objections primarily rely on a relevance argument, we turn to the law of the Federal Circuit rather than our regional circuit court. Truswal Systems Corp. v. Hydro-Air Engineering, Inc., 813 F.2d 1207, 1212 (Fed.Cir.1987) ("a determination of relevance implicates the substantive law of patent validity and infringement" and thus implicates Federal Circuit law).

Where, as here, confidential information is at stake, we "must balance 'the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party

subject to the subpoena.'" *Id.*, at 1210. And although the rules contemplate discovery of non-parties (*id.*), we can consider the fact that Brucato and Catus are not parties to this litigation in weighing burdens. <u>Katz v. Batavia Marine & Sporting Supplies, Inc.</u>, 984 F.2d 422, 424 (Fed.Cir.1993).

In 1987, the Federal Circuit issued <u>Truswal</u>, allowing the discovery of a non-party's sales information in a patent case, and <u>American Standard Inc. v. Pfizer Inc.</u>, 828 F.2d 734 (Fed.Cir.1987), denying discovery in a similar situation. The <u>American Standard</u> court distinguished <u>Truswal</u> by noting that, unlike the party opposing discovery in <u>Truswal</u>, discovery was opposed on arguments beyond non-party status. Basing much of its analysis on relevance, the Federal Circuit held that "[o]ne seeking discovery of sales information must show some relationship between the claimed invention and the information sought." <u>American Standard</u>, 828 F.2d at 742. The Federal Circuit continued its stricter standard for discovery-seeking parties in <u>Micro Motion, Incorporated v. Kane Steel Co., Inc.</u>, 894 F.2d 1318 (Fed.Cir.1990), granting non-party competitor's motion to quash a discovery subpoena in its entirety.

Plaintiff argues that this discovery is relevant to its case against eSpeed because "evidence that copying is widespread in the industry bolsters the validity of TT's patent" and "to the extent that there may be non-infringing alternatives, this factor goes into any lost profits determination"(plf's reply at 2). It is true that evidence of widespread copying is an indicia of non-obviousness. *See, e.g.*, <u>Para-Ordnance Mfg., Inc. v. SGS Importers Intern., Inc.</u>, 73 F.3d 1085, 1087-88 (Fed.Cir.1995). And just because it is a "secondary consideration" does not dilute its importance. <u>Truswal</u>, 813 F.2d at 1212. Here, however, like the court in <u>American Standard</u>, we find that plaintiff has failed to show some relationship between the

invention claimed and the requested information. Plaintiff has neither accused Catus nor Brucato of copying, nor provided any indication that either Catus or Brucato were involved in developing infringing designs. We find that this information is not sought to flesh out a pattern of facts, but, rather, is based on plaintiff's suspicion or speculation. Such is not a valid basis for discovery (Micro Motion, 894 F.2d at 1326), especially where, as here, competitors' confidential information is at stake. *See* American Standard, 828 F.2d at 741 ("Courts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor") (internal citations omitted).[1]

Nor does the lost profits argument suffice to grant this discovery. Although evidence of acceptable non-infringing substitutes is relevant to lost profits damages (TWM Mfg. Co., Inc. v. Dura Corp., 789 F.2d 895, 901 (Fed.Cir.1986)), the Federal Circuit addressed the problems with granting unlimited discovery based on a lost profits theory:

> In particular, [plaintiff] asserted entitlement to discovery of information concerning each competitor's business simply because it may seek to prove lost profit damages. If this position were correct, a patentee could, in virtually every infringement suit, immediately obtain discovery from all possible competitors by merely filing a complaint asking for damages against one. And, of course, the alleged infringer in such case would have the same right. While we do not suggest that discovery is being used in this case simply to harass a competitor, the possibility for such abuse of discovery is readily apparent.

Micro Motion, 894 F.2d at 1324-25. We share the Micro Motion court's concerns. Plaintiff seeks information about a number of Catus' clients, all of whom are competitors or likely competitors of TT. Recognizing the concerns that brings, and noting that plaintiff has evidenced very little basis for believing Brucato or Catus could provide relevant information,

---

[1] Plaintiff argues that even if Brucato's and Catus' arguments about confidentiality are true, the information will be protected under the parties' protective order. We disagree. A protective order does not replace the requirement of relevance and need, nor does it fully protect those parties not party to it. *See* Micro Motion, 894 F.2s at 1325 ("It would be divorced from reality to believe that either party here would serve as the champion of its competitor...").

we find that the lost profits claim does not "provide a mantle of relevancy" sufficient to grant the motion to compel. Micro Motion, 894 F.2d at 1325. Even taking the two arguments, validity and damages, together, we cannot compel discovery. See Heraeus Incorporated v. Solar Applied Material Technology Corp., 2006 WL 2067859, *2 (N.D.Cal.2006) ("the potential relevance on which [plaintiff] relies is too speculative, ill-defined, and tangential to support discovery of critical competitive information of this nature from a non-party competitor"). Therefore, we deny plaintiff's motion to compel.

## CONCLUSION

For the reasons stated herein, we deny plaintiff's motion to compel the testimony of Steve Brucato.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 5, 2006.