IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSENTHAL COLLINS GROUP, LLC, an Illinois Limited Liability Co., | ) ) ) | |
| Plaintiff/Counter-Defendant | ) ) ) | |
| vs. | ) ) ) | No. 05 C 4088 |
| TRADING TECHNOLOGIES INTERNATIONAL, INC., a Delaware corporation, | ) ) ) ) ) | |
| Defendant/Counterclaimant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Trading Technologies International, Inc. (TT) seeks $2235 in attorneys' fees associated with the time spent drafting its motion to compel plaintiff Rosenthal Colins Group, LLC's (RCG) response to TT's motion for sanctions and the time spent arguing such motion before Judge Shadur, who was sitting in my stead during my absence. TT's motion is granted. Judge Shadur, in his order of September 29, 2006, clearly stated that RCG's counsel was required to bear the costs of the proceeding on that date.[1] We will not second-guess Judge Shadur's determination, nor will we find TT's expenses unreasonable. It is not uncommon to have a senior attorney check a junior attorney's work, even on five-page motions like the motion to compel. Nor is it unreasonable to bill two hours for a motion hearing, which may include travel time and time spent waiting for one's case to be called. TT's counsel's time was consumed dealing with RCG's requests for extensions – that time should be compensated. TT's motion to show cause is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 1, 2007.

---

[1] RCG complains that TT brings its motion against the wrong party, as it is directed against RCG, instead of RCG's counsel. As Judge Shadur indicated that it was RCG's counsel's personal decision as to whether he or his client should bear TT's costs of the proceeding, the error is excusable.