IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROSENTHAL COLLINS GROUP, LLC, )
                               )
        Plaintiff/Counter-     )
        claim Defendant.       )
                               )
    vs.                        )   No. 05 C 4088
                               )
TRADING TECHNOLOGIES           )
INTERNATIONAL, INC.,           )
                               )
        Defendant/             )

## MEMORANDUM OPINION AND ORDER

TT and RCG are mired in another discovery dispute regarding Walter Buist. Buist is the creator and developer of the Wit Capital digital stock market ("Wit DSM"), a piece of prior art that RCG contends invalidates TT's patents-in-suit.[1] Relying almost exclusively on a declaration of Buist, RCG filed a motion for summary judgment of invalidity based on the Wit DSM system. On June 23, 2006, prior to filing its response to RCG's summary judgment motion, TT deposed Buist. During the 15-hour deposition, TT uncovered several inconsistencies between Buist's oral testimony and his declaration. Thereafter, TT filed a motion for sanctions as against RCG, arguing that "RCG knowingly filed a motion for summary judgment seeking to invalidate the patents-in-suit based on false and intentionally misleading testimony and materially altered evidence" (TT's motion for sanctions, at 20). While we declined to find that Buist or RCG's counsel willfully and intentionally fabricated evidence to deceive this court, we did find RCG's filings disingenuous and misleading. Plaintiff now seeks to compel documents and things that arose at the Buist deposition and supplemental testimony from Buist. For the reasons stated herein, we grant TT's motion to

---

[1]TT's patents at issue are U.S. Patent nos. 6,772,132 and 6,766,304, both of which relate to computer software used for electronic trading in the futures market.

compel.

At the outset, we decline to deny TT's motion for failure to engage in the meet-and-confer process required under Local Rule 37.2. While RCG may be correct that TT did not fully engage in a meet-and-confer, we have broad discretion to determine how and when to enforce local rules. Murata Mfg. Co., Ltd. v. Bel Fuse, Inc., 2007 WL 1317100, *4 (N.D.Ill.2007) (citing Waldridge v. American Hoechst Corp., 24 F.3d 918, 923 (7th Cir.1994)). TT sent its initial letter requesting documents from the Buist deposition on July 7, 2006; RCG's e-mail response came on April 5, 2007. While there may have been communication in the interim, we will not require TT to wait nearly nine months for a meet-and-confer.

We turn now to the merits of the motion. TT seeks (1) all drafts of the declaration of Buist, including identification of any destroyed drafts; (2) all USB drives identified by Buist; (3) all PDFs of drafts of the declaration Buist indicated he created; (4) the "differences" lists Buist indicated he provided to RCG's counsel, Geoff Baker; (5) the IBM ThinkPad on which Buist maintained copies of the code; (6) the "personal" Dell laptop to which Buist made reference; (7) the "test machine" identified by Buist; (8) the consulting agreement Buist signed and sent to Vern Francissen; (9) materials Buist brought to a meeting with Francissen, Fishman and Baker in July or August 2005; and (10) all documents and things reflecting correspondence, agreements, investments or any business relationship between Walter Buist, Christopher Buist, or Interactive Cybernetics and RCG or Les Rosenthal, including documents and things related to Buist's relationship to anyone related in any way, directly or indirectly, to RCG and Les Rosenthal, including at a minimum, Baker and his firm. RCG generally indicates that it has already produced the information sought by TT. Upon RCG's suggestion, we compel RCG to reproduce copies of the documents it asserts it has already produced to TT. RCG must also produce any additional available documents with respect to

TT's requests, including a list of destroyed drafts of Buist's declaration. We further compel RCG to produce the physical computers identified in TT's request numbers 5 through 7, and to produce any documents that reflect the relationships identified in TT's request number 10, so long as those documents are not protected by the attorney-client privilege. For example, documents reflecting Buist's motivation for seeking counsel is privileged. *See* <u>In re Subpoenaed Grand Jury Witness</u>, 171 F.3d 511, 514 (7th Cir.1999). RCG should review such documents to ensure that each individual document is protected by a valid privilege before refusing to produce them.

Finally, we compel RCG to produce Buist for an additional short deposition to answer questions related to the documents discussed above. TT also seeks to depose Buist regarding his relationship with RCG and RCG's counsel, and his motivation for assisting RCG in this litigation. As Baker is acting as personal counsel for Buist, much of their relationship is protected by valid attorney-client privilege. TT may, however, inquire as to Buist's decision to assist RCG in this matter, so long as such a determination can be separated from his decision to seek personal legal counsel. As we have noted time and again, we rely on the parties' counsel, as officers of the court, to be forthright with regard to their claims of privilege.

For the reasons stated above, we grant TT's motion to compel.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 16, 2007.