IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSENTHAL COLLINS GROUP, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-defendant, | ) | |
| | ) | |
| vs. | ) | No. 05 C 4088 |
| | ) | |
| TRADING TECHNOLOGIES INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

### MEMORANDUM OPINION AND ORDER

On March 14, 2007, this court imposed sanctions on plaintiff Rosenthal Collins Group, LLC ("RCG") as a result of discovery violations it committed when it filed what this court kindly referred to as a premature, underdeveloped and less than forthcoming motion for summary judgment – one which forced defendant Trading Technologies International, Inc. ("TT") to hire a software programming consultant to perform coding analysis, depose plaintiff's declarant, Walter Buist, his son, Christopher Buist, and file a motion for sanctions based on what it learned from those actions. Rosenthal Collins Group v. Trading Technologies International, Inc., 2007 U.S. Dist. LEXIS 18651, 20-21 (N.D. Ill. Mar. 14, 2007). RCG moves to vacate that order, and we deny that motion.

TT had moved for sanctions, requesting that this court dismiss RCG's cause of action. After engaging in a detailed analysis of the parties' positions, we determined that RCG's conduct, though disingenuous, did not warrant the draconian sanction of dismissal with prejudice. Rosenthal Collins Group, 2007 U.S. Dist. LEXIS 18651, *20. Instead, we instructed RCG to pay fees for TT's expert's software analysis, as well as attorney fees TT incurred in preparing the motion for sanctions. Id. at *21. Seven months after that decision was rendered,

and only after TT served RCG with a detailed accounting of its fees and costs, RCG moved to vacate the sanctions, arguing that this court erred in its decision to impose them.

We will not rehash the background of the original motion for sanctions, as we conducted a detailed and rigorous analysis in our previous opinion. RCG argues that we erred in awarding sanctions because we specifically found that TT had not proved by clear and convincing evidence that RCG acted willfully or in bad faith. Such an argument takes our holding out of context. We specifically held that TT "did not present clear and convincing evidence that Buist or RCG's counsel willfully and intentionally fabricated evidence to deceive this court or the judicial system." Rosenthal Collins Group, 2007 U.S. Dist. LEXIS 18651, *20. We said nothing specifically of bad faith. We went on to say:

> RCG was somewhat disingenuous in filing its summary judgment motion. It neglected to inform this court of the differences in the original and modified codes. It offered the use of the declaration laptop without informing us that "differences software" was installed on that machine, or that there may be a need to run such software. It presented Wit DSM as having the double-click + ENTER functionality in 1998 and 1999, relying on Buist's declaration, when, in fact, Buist had no personal knowledge of such a function prior to 2005 or 2006.

*Id.* at *20-21. Throughout the opinion we labeled RCG's conduct as, alternatively, "somewhat misleading," "disconcerting," "troubling," "less than forthcoming," and a "poor strategic decision." Whether or not this language can be considered synonymous with bad faith is not important, as willfulness and bad faith are not the only possible *mens rea* for conduct to be sanctionable. "Rule 37 sanctions may only be imposed where a party displays 'willfulness, bad faith *or fault*.'" Langley v. Union Electric Co., 107 F.3d 510, 514 (7th Cir. 1997)(quoting Philips Medical Systems Int'l, B.V. v. Bruetman, 982 F.2d 211, 214 (7th Cir. 1992))(emphasis added).

Unlike willfulness or bad faith, "fault does not speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct – or lack thereof

– which eventually culminated in the violation." Long v. Steepro, 213 F.3d 983, 987 (7th Cir. 2000)(quoting Marrocco v. General Motors Corp., 966 F.2d 220, 224 (7th Cir. 1992)). The court in Long made clear that fault "is not a catch-all for any minor blunder...[but] suggests objectively unreasonable behavior; it does not include conduct that we would classify as a mere mistake or a slight error in judgment." 213 F.3d at 987. Contrary to RCG's argument we did not, nor do we now, believe that RCG's actions were merely mistakes or slight errors in judgment. At best, they were grossly negligent – a point we believe came across in the details of the opinion. Any attempt by the court to soften the tone of its disapproval should not be mistaken for leniency. RCG's actions were improper and we sanctioned it accordingly.

RCG's argument that TT did not satisfy its burden of proof is also without merit. While the burden of proof required for dismissal with prejudice is clear and convincing evidence, that is not the case with lesser sanctions. Maynard v. Nygren, 332 F.3d 462, 469 (7th Cir. 2003)(non-dismissal sanctions "are generally permissible even without clear and convincing evidence"). TT produced more than enough evidence to permit us to find RCG at fault.

Finally, for the first time in its reply motion, RCG argues that TT's fees were not reasonable – asking this court for an evidentiary hearing on the subject. This was not the subject of RCG's motion, but we will nevertheless address the issue. TT has asked for almost $300,000 in fees and costs, including the software consultant's fees, almost 600 hours of attorney fees, 165 hours of paralegal fees, and transportation, lodging and other fees related to Mr. Buist's and his son's depositions. RCG argues that TT is seeking costs that go well beyond what this court ordered RCG to pay – the costs for the software programming consultant, as well as "costs and attorneys' fees associated with TT's motion for sanctions." Rosenthal Collins Group, 2007 U.S. LEXIS 18651, *21.

We disagree that TT is seeking categories of costs and fees beyond the scope of this order. Regarding the software consultant, we specifically directed RCG to pay his fees, not limiting those fees to the time it took him to locate modifications of the code. With regard to the remaining fees, we noted in our original opinion that "had RCG been forthcoming, its summary judgment motion would have been doomed from the start. The motion's primary reliance on Buist's testimony, without corroborating evidence, would have been insufficient to prove invalidity by clear and convincing evidence." <u>Rosenthal Collins Group</u>, 2007 U.S. LEXIS 18651, *19. Thus, had RCG been forthcoming, TT would not have been required to hire the consultant, depose Mr. Buist or his son, or spend time drafting a motion for sanctions. These categories of costs are properly attributable to RCG's conduct and therefore are properly borne by RCG.

However, there remains the question of whether the fees that TT seeks are actually reasonable. Since neither party adequately briefed this issue, we do not have enough information to make a determination. While the requirements outlined in Local Rule 54.3 are usually reserved for post-judgment fees and costs, because of the large dollar amount of TT's requested fees, we direct the parties to comply with the requirements of this rule and subsequently brief the issue of reasonableness.

## CONCLUSION

For the foregoing reasons, RCG's motion to vacate sanctions is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 17, 2008.