IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSENTHAL COLLINS GROUP, LLC, | ) |
| Plaintiff/Counter-defendant, | ) |
| vs. | ) No. 05 C 4088 |
| TRADING TECHNOLOGIES INTERNATIONAL, INC., | ) |
| Defendant/Counterclaimant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant/counterclaimant Trading Technologies, Inc. ("TT") moves this court for an order to show cause as to why plaintiff/counter-defendant Rosenthal Collins Group, LLC ("RCG") should not be held in contempt for failing to comply with this court's order of May 16, 2007. In that order we compelled RCG to produce Walter Buist for deposition, as well as to produce several categories of discovery that TT requested – all of which related to a motion for sanctions brought by TT against RCG, granted by this court and recently reaffirmed. Rosenthal Collins Group, LLC v. Trading Techs. Int'l, Inc., 2007 U.S. Dist. LEXIS 36210 (N.D. Ill. May 16, 2007)(dkt.222). TT now seeks sanctions against RCG for failing to produce these items. For the following reasons we deny, for now, TT's motion.

As stated in our earlier opinion, Buist is the creator and developer of the Wit Capital digital stock market ("Wit DSM"), a piece of prior art that RCG contends invalidates TT's patents-in-suit. RCG filed a motion for summary judgment of invalidity based on the Wit DSM system, relying almost exclusively on a declaration of Buist. Prior to filing its response to RCG's summary judgment motion, TT deposed Buist, uncovering several inconsistencies

between Buist's oral testimony and his declaration. Based on this information, TT filed a motion for sanctions as against RCG. While we declined to find that Buist or RCG's counsel willfully and intentionally fabricated evidence to deceive this court, we did find RCG's filings disingenuous and misleading, a holding we recently reaffirmed (dkt. 222). About two months later, we granted TT's motion to compel documents and things that arose at the Buist deposition and supplemental testimony from Buist. RCG has failed to produce those items and now TT moves for an order to show cause.

RCG argues that it has not produced the discovery sought, nor produced Buist for deposition, because it believes this court placed all further discovery on hold pending the outcome of the Federal Circuit's review of TT's suit against another defendant, eSpeed. eSpeed, after a jury trial, was found to have infringed TT's patents, and both parties have appealed. RCG cites a statement by this court on September 6, 2007, shortly before the eSpeed trial began, where we declined to address RCG's failure to produce Buist, saying, "Let's put that one on the back burner." RCG also cites to this court's repeated statements that discovery in the remaining cases should, for the most part, be stayed pending the outcome of eSpeed's appeal. However, RCG misunderstands this court's statements.

First, the reason we declined to address the Buist issue on September 6, 2007, was that the eSpeed trial was set to begin on September 10, 2007. We decided it was more important at that juncture to focus on the issues imminently before the court, instead of those involving issues beyond those of trial. But that did not mean that Buist's deposition would be on the back burner indefinitely. Nor do our general statements that discovery should be stayed apply to the discovery TT is currently seeking from RCG. As stated in our order to compel, the discovery TT seeks is limited to the issues that arose in the motion for sanctions. These issues have little

or nothing to do with the issues currently before the Federal Circuit, and will not be affected by them. This is a separate and distinct issue that we have already decided needs to be addressed, as evinced by our granting of TT's motion to compel.

However, we give RCG the benefit of the doubt that it sincerely believed this court meant to stay any and all discovery. Therefore, instead of issuing sanctions we direct RCG to, within 14 days, produce the materials outlined in our May 16, 2007, order, and set a mutually agreeable date for Walter Buist's deposition.

## CONCLUSION

For the foregoing reasons, TT's motion for an order to show cause is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 17, 2008.