Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 4088 | **DATE** | November 23, 2010 |
| **CASE TITLE** | Rosenthal Collins Group, LLC v. Trading Technologies International, Inc., et al. | | |

**DOCKET ENTRY TEXT**

It is hereby ordered, that TT's Motion to Reassign and Consolidate the 2010 cases before this Court is denied. The Motion to Reassign and Consolidate the four 2005 cases is also denied. The previously scheduled status on 11/29/10 at 9 a.m. in case no. 05-cv-4088 stands. The status on settlement in case No. 05-cv-4811 on 1/21/11 at 9 a.m. stands.

■[ For further details see text below.]   Docketing to mail notices.

00:00

# STATEMENT

On June 30, 2010, Trading Technologies International, Inc. ("TT") filed a Motion to Reassign and Consolidate [335] all sixteen cases that it has pending in the Northern District of Illinois. The sixteen cases involve 9 different patents with 6 different inventors. Two of the sixteen cases are before this Court, including the lowest numbered of the 2005 cases, Rosenthal Collins Group, LLC v. Trading Technologies International Inc., No. 05-cv-4088, and Trading Technologies International Inc. v. CQG et al, No. 05-cv-4811. For the reasons that follow, the motion to reassign and consolidate is denied.

While TT styles the motion as one seeking consolidation of all sixteen cases, TT is actually seeking to consolidate all the 2005 cases (there are four) and then separately consolidating the 2010 cases (there are 12). Local Rule 40.4, which governs reassignment for relatedness, specifically states that "[t]he motion shall be filed in the lowest-numbered case of the claimed related set and noticed before the judge assigned to that case." LR 40.4. A motion to reassign and consolidate the 2010 cases would properly be before the judge assigned to the lowest-numbered case in that set. Since none of the 2010 cases are assigned to this court, the motion is denied as to the 2010 cases on that basis. Additionally, nothing in the record indicates that the 2010 cases are susceptible to disposition with the 2005 cases and that any savings in judicial time and effort would result from consolidation.

On July 7, 2010, Judge Gottschall consolidated Trading Technologies Int'l Inc. v. FuturePath Trading, LLC, No. 05-cv-5164, and Trading Technologies Int'l, Inc. v. GL Trade SA, et al., No. 05-cv-4120, because they involve the same patents and the same allegedly infringing software. Because they involve the same patents and the same technology they involve many of the same issues of law and fact. They also grow out of the same transaction or occurrence; i.e., the use of software developed by GL and used by both GL and FuturePath that contained elements allegedly patented by TT.

# STATEMENT

TT seeks to consolidate the 2005 cases pending before Judge Gottschall with Nos. 05-cv-4088 and 05-cv-4811 in this court. Local Rule 40.4 requires that a motion for reassignment based on relatedness demonstrate that the cases are related and that their consolidation would conserve judicial resources. TT's motion fails to identify the relation required by section 40.4(a) or the resource conservation required by section 40.4(b). Instead, TT bases its argument on the fact that a single judge coordinated discovery in several of its other actions filed in 2004 and 2005. This argument does not demonstrate that the cases are related or that their consolidation would conserve judicial resources. Although both cases before this court involve the same patents as the cases before Judge Gottschall, TT has in fact conceded that the products at issue in the cases pending in this court operate in a very different manner than those involved in Judge Gottschall's cases. (See TT Response to CQG's Motion for Summary Judgment of Non-Infringement, Dkt. #163, at 4 n.3) Thus, there would likely be significant differences in law and fact between the cases. This fact compels the conclusion that the cases are not related as defined by local rule and that their consolidation would not conserve judicial resources. Accordingly, Nos. 05-cv-4120 and 05-cv-5164 are not susceptible to consolidation with Nos. 05-cv-4088 and 05-cv-4811, and the motion to reassign and consolidate is denied.

It is hereby ordered, that TT's Motion to Reassign and Consolidate the 2010 cases before this Court is denied. The Motion to Reassign and Consolidate the four 2005 cases is also denied. The previously scheduled status on 11/29/10 at 9 a.m. in case no. 05-cv-4088 stands. The status on settlement in case No. 05-cv-4811 on 1/21/11 at 9 a.m. stands.

**STATEMENT**