# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| ROSENTHAL COLLINS GROUP, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05 C 4088 |
| TRADING TECHNOLOGIES INTERNATIONAL, INC., | ) | Judge Sharon Johnson Coleman |
| Defendant. | ) | Magistrate Judge Young B. Kim |
| TRADING TECHNOLOGIES INTERNATIONAL, INC., | ) | |
| Counterclaimant, | ) | |
| v. | ) | |
| ROSENTHAL COLLINS GROUP, LLC, | ) | |
| Counterclaim Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff and Counterclaim defendant, Rosenthal Collins Group, LLC ("RCG") moves for reconsideration or clarification of this Court's February 23, 2011, Order imposing default and sanctions for certain misconduct. The motion is denied.

The factual and procedural background of this matter is well known to the parties, was discussed at length in this Court's order of February 23, 2011, and need not be reiterated here. In bringing its motion for reconsideration or clarification, RCG asserts three arguments: (1) that the default and sanctions imposed should relate solely to RCG's patent invalidity claim; (2) that

this Court should allow RCG to defend against Trading Technologies International, Inc.'s ("TT") counterclaim for infringement; and (3) that the monetary sanction was disproportionate to the misconduct and this Court failed to apply criminal contempt standards to impose the monetary sanction. TT opposes the motion arguing *inter alia* that RCG has raised arguments on a motion for clarification or reconsideration that it could have brought on the original motion for default and thus has now waived those arguments.

Motions for reconsideration are appropriate only "to correct manifest errors of law or fact or to present newly discovered evidence." Publishers Resource, Inc. v. Walker-Davis Publication, Inc., 762 F.2d 557, 561 (7th Cir. 1985). A motion for reconsideration is not the avenue to advance new legal theories or arguments for the first time. Id.

This Court's order entering default judgment and sanctions was tailored to the misconduct at issue. RCG attempts to minimize the implications of its misconduct, treating the matter as a simple issue of discovery compliance. This Court reminds RCG that the conduct at issue was far more insidious, constituting an attempt to commit a fraud on the Court by fabricating evidence of prior art and engaging in systematic spoliation of evidence. In opposition to the motion for default and sanctions, RCG did not contest the occurrence of any of the misconduct, but instead chose to lay blame on its retained consultant and disavow any involvement. This Court finds unpersuasive RCG's argument on its motion for reconsideration that the sanctioned conduct had no impact on TT's counterclaim for infringement. (Dkt. 479 at 6.) The alleged misconduct most certainly would have had a dramatic impact on TT's infringement claim if RCG had been successful in its deception. TT's claim for infringement would have been utterly futile if not extinguished entirely as moot if RCG had successfully used the fabricated evidence of prior art to invalidate TT's patents. The claims are inextricably

intertwined in this situation.

RCG asserts that issues of patent invalidity and infringement are entirely separate and distinct. In support of that argument, RCG refers to Cardinal Chemical Co. v. Morton International Inc., 508 U.S. 83 (1993), in which the court stated, "a finding that a patent is not infringed does not render the counterclaim for patent invalidity moot." 508 U.S. at 102-103. This Court would agree with that statement. However, this Court disagrees that the opposite is necessarily true. The Supreme Court specifically addressed in that case a practice in the Federal Circuit to routinely dismiss claims of invalidity as moot upon a finding of non-infringement. The Court did not address the question of whether (and to what end) a claim of infringement would be affected by a finding of patent invalidity. If a party prevails on a claim of invalidity, then a counterclaim for infringement would most certainly be futile if not moot. Therefore, although the claims for invalidity and infringement under the usual course of litigation might indeed be separate claims, undeniably the resolution of one claim can affect the outcome of the other.

Here, RCG should not be permitted to capitalize on the thwarting of its misconduct. As the Seventh Circuit Court of Appeals stated in Ridge Chrysler Jeep, LLC v. Daimlerchrysler Financial Services Americas LLC: "One who misuses litigation to obtain money to which he is not entitled is hardly in a position to insist that the Court now proceed to address his legitimate claims, if any there are." 516 F.3d 653, 626 (7th Cir. 2008)(affirming the district court's order for judgment in favor of the company on its counterclaim and dismissing the dealerships' claims as a sanction). This Court likewise finds that RCG is not in a position to insist that this Court allow it to proceed as if the misconduct never occurred.

RCG also asserts, for the first time, that the appropriate standard for sanctions is the

standard applicable to criminal contempt because RCG claims the sanctions were punishment. RCG is mistaken and the cases it cites do not support its position. In <u>Manez v. Bridgestone Firestone North American Tire LLC</u>, the court addressed jurisdictional and due process issues related to sanctions and discussed the application of four sources of authority for sanctions, including contempt (civil and criminal), Rule 11 sanctions against attorneys and pro se litigants, Rule 37 discovery sanctions, and the court's inherent power. <u>Manez v. Bridgestone Firestone North American Tire LLC</u>, 533 F.3d 578, 589-90 (7th Cir. 2008). On appeal, the sanctions were reversed, not because the court did not have the authority to impose them, but because it failed to provide appropriate procedural due process. <u>See</u> <u>Id</u>. at 592. In fact, the court reaffirmed "the inherent power of the federal courts to address a 'full range of litigation abuses'... even if 'that conduct could *also* be sanctioned under the statute or Rules.'" <u>Id.</u> at 586 (quoting <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 49-50 (1991)). In <u>SEC v. McNamee</u>, 481 F.3d 451 (7 th Cir. 2007), the order at issue was specifically a contempt order. This Court imposed the sanctions pursuant to Rule 37 and its inherent powers. The sanctions imposed were proportionate to the wrong, which this Court found to be willful and egregious.

This Court finds no basis to reconsider or clarify its prior orders. Therefore, RCG's motion for reconsideration or clarification is denied. The status hearing set for June 20, 2011, stands.

IT IS SO ORDERED.

Date: June 1, 2011          Entered:_____
                                     Sharon Johnson Coleman